**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PATRICE M. WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-402-PRC |
| | ) | |
| UNITED STATES STEEL | ) | |
| CORPORATION and | ) | |
| LUCAS McELFRESH, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant McElfresh's Motion to Dismiss [DE 18], filed by Defendant Lucas McElfresh on January 8, 2013.  For the reasons set forth in this Opinion and Order, the Court grants the Motion to Dismiss.

**BACKGROUND**

On October 5, 2012, Plaintiff Patrice Williams filed a *pro se* Complaint against Defendants United States Steel Corporation ("U.S. Steel") and Lucas McElfresh.  Williams, an employee of U.S. Steel, alleges various violations of Title VII of the Civil Rights Act.[1]  The Complaint asserts that McElfresh, a Labor Relations Specialist employed by U.S. Steel, denied Williams reasonable accommodations for her religious practices and observances while agreeing to similar accommodations for one of Williams' male colleagues.[2]  On January 8, 2013, McElfresh filed the instant Motion to Dismiss pursuant to Rule 12(b)(6).  On January 17, 2013, Williams filed her

---

[1] Williams' complaint was submitted on a standardized form utilized by *pro se* plaintiffs alleging violations of 42 U.S.C § 1983. However, the Complaint lists no state actors as defendants and specifies Title VII as the basis of the suit.

[2] Williams' Brief in Summary to Deny McElfresh's Motion to Dismiss suggests that her Complaint includes a Title VII retaliation claim. To the extent she is alleging such a claim, it is subject to the same analysis on the instant Motion to Dismiss as are her claims of religious and gender discrimination.

Response, which she titled Motion to Deny McElfresh's Motion to Dismiss.  McElfresh has not filed a reply, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit.  *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.  The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d

574, 581 (7th Cir. 2009).   Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense.  *Iqbal*, 556 U.S. at 679.

Two weeks after deciding *Twombly* and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The Supreme Court reaffirmed that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.* at 94 (quotation marks and citations omitted).

## ANALYSIS

Defendant Lucas McElfresh seeks dismissal of Plaintiff Patrice Williams' complaint, arguing that it fails to state a claim upon which relief can be granted against him because Title VII does not provide for suits against supervisors in their individual capacity.  Williams' response does not address the legal merits of the motion.

Title VII provides a cause of action against "employers" who discriminate "against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  42 U.S.C § 2000e-2.  Under Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."  42 U.S.C. § 2000e-(b).  While the literal language of this definition suggests that a individual can be subject to suits under Title VII as an employer's agent, the Seventh Circuit has analyzed the provision and found that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer."  *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).  Instead, the "term 'employer' as used in Title VII is a statutory expression of traditional principles of respondeat superior liability."  *Robinson v. Sappington*, 351 F.3d 317,

332 n.9 (7th Cir. 2003).  As a consequence of supervisors being excluded from the definition of employer, the Seventh Circuit's "case law is clear that a supervisor cannot be held liable in his individual capacity under . . . Title VII." *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999).

McElfresh contends that the aforesaid Seventh Circuit precedent requires dismissal of the suit given his status as a Labor Relations Specialist employed by U.S. Steel.  The Court agrees. After taking into account the fact that Williams is proceeding *pro se* and liberally construing the Complaint for a plausible claim for relief, the Court understands Williams to be seeking to impose liability on McElfresh under Title VII for his actions as her supervisor.  As noted above, the Seventh Circuit has made clear that such a suit is not tenable.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant McElfresh's Motion to Dismiss [DE 18] and **ORDERS** that Plaintiff's Complaint as to Defendant Lucas McElfresh only is **DISMISSED**.

SO ORDERED this 13th day of March, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       *Pro se* Plaintiff